A CERTIFIED TRUE COPY
ATTEST

By Jakeia Mells on Feb 12, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

Feb 12, 2009

FILED
CLERK'S OFFICE

FILED
FEB 1 2 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN RE: BANK OF AMERICA CORP. AUCTION RATE
SECURITIES (ARS) MARKETING LITIGATION

MDL No. 2014

M 09-2014 JSW

**TRANSFER ORDER**

**Before the entire Panel**[*]: Defendants[1] have moved, pursuant to 28 U.S.C. § 1407, for centralization of three actions in the Southern District of New York. Lead plaintiff in the Northern District of California action (*Bondar*) opposes centralization and, alternatively, prefers selection of Northern District of California as the transferee forum. Plaintiff in the Northern District of Illinois action (*Independence Tube*) opposes centralization and, alternatively, supports selection of Northern District of Illinois as the transferee forum.

This litigation currently consists of three actions listed on Schedule A and pending in three districts as follows: an action each in the Northern District of California, the Northern District of Illinois, and the Southern District of New York.[2]

On the basis of the papers filed and hearing session held, we find that these three actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions arise from allegations that Bank of America entities and/or its employees made misrepresentations in the context of the sale of auction rate securities (ARS). Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Plaintiffs opposing the motion argue, *inter alia*, that (1) the actions do not share sufficient questions of fact; (2) there are only a few actions involved in the litigation, making voluntary coordination among the parties preferable to formal centralization; and (3) centralization of the

---

[*] Judge Hansen took no part in the disposition of this matter.

[1] Bank of America Investment Services, Inc.; Bank of America Securities, LLC; Bank of America Corp. (collectively Bank of America).

[2] In addition to the three actions now before the Panel, the parties have notified the Panel of two related actions pending in the Southern District of New York. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

actions to which the Private Securities Litigation Reform Act of 1995 (PSLRA) applies with the *Independence Tube* action (to which, plaintiffs assert, the PSLRA does not apply) will slow the progress of the latter action. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with these arguments. All actions possess a common factual core regarding Bank of America's role in selling ARS. In particular, plaintiffs in all actions allege that, *inter alia*, Bank of America failed to disclose that (1) ARS were not cash alternatives similar to money market funds, and (2) the ARS sold by Bank of America were only liquid because, at the time of sale, Bank of America and other broker-dealers artificially supported and manipulated the market to maintain the appearance of liquidity and stability. Transfer of these related actions under Section 1407 will foster a pretrial program that: (1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and (2) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

It may be that pretrial proceedings involving certain actions may be completed in advance of other actions to this litigation. For example, the proceedings in *Bondar*, which is brought on behalf of a nationwide class, may take longer to resolve than those individual claims presented in the other actions. Should the circumstances regarding any action in MDL No. 2014 develop such that the transferee judge determines that continued inclusion of a claim or action no longer remains advisable and, accordingly, deems Section 1407 remand of any claim or action appropriate, procedures are available whereby such remand may be accomplished with a minimum of delay following a suggestion of remand to the Panel by the transferee judge. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436-38 (2001).

We are persuaded that the Northern District of California, where the first-filed *Bondar* action is pending, is an appropriate transferee district. By centralizing this litigation before Judge Jeffery S. White, we are assigning this docket to a seasoned jurist who has the experience and caseload conditions to steer this litigation on a prudent course.

- 3 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Jeffery S. White for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| | |
|---|---|
| J. Frederick Motz | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen* |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |

IN RE: BANK OF AMERICA CORP. AUCTION
RATE SECURITIES (ARS) MARKETING
LITIGATION                                                         MDL No. 2014

## SCHEDULE A

### Northern District of California

Richard S. Bondar, et al. v. Bank of America Corp., et al., C.A. No. 3:08-2599

### Northern District of Illinois

Independence Tube Corp. v. Bank of America Corp., et al., C.A. No. 1:08-6023

### Southern District of New York

Twin Lane Inc. v. Banc of America Securities, LLC, et al., C.A. No. 1:08-9115