A CERTIFIED TRUE COPY
ATTEST

By Dana Stewart on Apr 05, 2010

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Apr 05, 2010

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: BANK OF AMERICA CORP. AUCTION RATE
SECURITIES (ARS) MARKETING LITIGATION
American Housing Foundation, et al. v. Banc of America )
    Securities, LLC, et al., N.D. Texas, C.A. No. 3:09-2251 )    MDL No. 2014

### TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in an action (*AHF*) pending in the Northern District of Texas have moved pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), asking the Panel to vacate its order conditionally transferring the action to the Northern District of California for inclusion in MDL No. 2014. Defendants[1] oppose the motion.

After considering all argument of counsel, we find that this action involves common questions of fact with the actions in this litigation previously transferred to the Northern District of California, and that transfer of this action to the Northern District of California for inclusion in MDL No. 2014 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Northern District of California was a proper Section 1407 forum for actions arising from allegations that Bank of America entities and/or its employees made misrepresentations in the context of the sale of auction rate securities (ARS). *See In re Bank of America Auction Rate Securities (ARS) Litigation*, 598 F.Supp.2d 1377 (J.P.M.L. 2009).

Plaintiffs argue against transfer that, *inter alia*, *AHF* involves unique facts, principally because plaintiffs are issuers of ARS, instead of ARS purchasers which are involved in the previously centralized actions. *AHF*, however, arises from the same common factual core as the previously centralized MDL No. 2014 actions regarding Bank of America's role in the ARS market (in particular, plaintiffs allege that one of the Bank of America entities "made the very same materially misleading misrepresentations to hundreds, if not thousands, of investors regarding the purported safety and liquidity of the auction rate markets. . ."). Moreover, in similar proceedings involving the sale of ARS against different financial institutions, we have centralized actions involving ARS issuers with actions

---

[*] Judges Miller and Trager took no part in the decision of this matter.

[1] Bank of America Investment Services, Inc.; Bank of America Securities, LLC; Bank of America Corp. (collectively Bank of America).

- 2 -

containing claims brought by ARS purchasers. *See In re Merrill Lynch Auction Rate Securities Marketing Litigation*, 626 F.Supp.2d 1331 (J.P.M.L. 2009). Transfer under Section 1407 has the salutary effect of placing related actions before a single judge who can: (1) allow discovery with respect to any individual issues to proceed concurrently with pretrial proceedings on common issues, *In re Ephedra Products Liability Litigation*, 314 F.Supp.2d 1373, 1375 (J.P.M.L. 2004); and (2) ensure that pretrial proceedings are conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

Plaintiffs can present their motion to remand the action to state court, if it is still pending after transfer, to the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

Should the circumstances regarding any action in MDL No. 2014 develop such that the transferee judge determines that continued inclusion of a claim or action no longer remains advisable, Section 1407 remand of the claim or action is available with a minimum of delay following a suggestion of remand to the Panel by the transferee judge. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Jeffrey S. White for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Robert L. Miller, Jr.* | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | David G. Trager* |